IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 4:19-CR-00267-SDJ-KPJ** |
| vs. | § § § | |
| | § | |
| **ADRIAN STEFON OWENS (1)** | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 21, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Bank Robbery, a Class C felony, Defendant Adrian Stefon Owens was sentenced on August 6, 2020 by United States District Judge Sean D. Jordan. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of III, was imprisonment for 37 to 46 months. Defendant was sentenced to 40 months of imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and mental health treatment.

Defendant completed his term of imprisonment and started his term of supervised release on March 24, 2022. Defendant's conditions of supervised release were modified on March 15,

1

2022 to include placement in a residential reentry center for 180 days. Defendant did not successfully complete this placement. Defendant's conditions were modified again on October 24, 2022 to include placement in a residential reentry center for 180 days. Defendant did not successfully complete this placement. Finally, Defendant's conditions were modified again on December 14, 2022 to include placement in a residential reentry center for 180 days.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 12, 2023, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on June 19, 2022 that tested positive for Buprenorphine and Norbuprenorphine (Suboxone). Lab results allegedly confirmed the positive test. It is also alleged that Defendant admitted to using marijuana on October 25, 2022.

2. **Allegation 2 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or probation officer about how and when he must report to the probation officer and he must report to the probation officer as instructed.** It is alleged that Defendant failed to report as instructed to the U.S. Probation Office on October 3, 2022, and October 27, 2022, and that Defendant failed to report to the probation office upon discharge from the residential reentry center on May 10, 2023, as directed.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant was unsuccessfully discharged from the residential reentry center on June 28, 2022 and failed to notify his probation officer of the change in residence.

4. **Allegation 4 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses her from doing so. If the defendant does not have full-time employment,**

> she must try and find full-time employment, unless the probation officer excuses her from doing so.  If the defendant plans to change where she works or anything about her work (such as her position or job responsibilities), she must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, she must notify the probation officer within 72 hours of becoming aware of a change or expected change.  It is alleged that Defendant was terminated from his employment on October 24, 2022 and has not maintained stable employment. It is also alleged that Defendant was terminated from employment on April 25, 2023 and did not notify the probation officer of the change.

5. **Allegation 5 (special condition):** The defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility.  Should the defendant obtain a residence approved by the probation officer during the 180-day placement, he must be released.  The defendant's subsistence fees owed to the residential reentry center will be waived in full, as opposed to the previously established 25% of gross income for subsistence payments.  It is alleged that Defendant was unsuccessfully discharged from the residential reentry center on June 28, 2022.

6. **Allegation 6 (special condition):** The defendant must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence immediately.  The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.  It is alleged that Defendant failed to report to the residential reentry center on November 3, 2022 as directed.  It is also alleged that Defendant was unsuccessfully discharged from the residential reentry center on May 10, 2023.

7. **Allegation 7 (special condition):**  The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.  It is alleged that Defendant failed to submit drug tests as directed on September, September 20, September 28, October 12, October 18, October 26, and November 3, 2022.

8. **Allegation 8 (special condition):**  The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged.  This includes taking any mental health medication as prescribed by his treating physician.  The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.  The defendant must pay any cost associated with treatment and testing.  It is alleged that Defendant

      failed to attend an appointment with his psychiatrist on August 17, 2022 and failed to attend an appointment with his mental health counselor on September 27, 2022.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

### *Hearing*

On September 21, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

a sentence of imprisonment for 9 months for this revocation with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived her right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Ft. Worth with a recommendation for mental health counseling.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for 9 months with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for 9 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Ft. Worth and provide mental health counseling.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for 9 months with no further supervised release.

So ORDERED and SIGNED this 21st day of September, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE